IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RUSSELL LEE SINGLETARY,

           Plaintiff,

                                    CIVIL ACTION
   vs.                              No. 04-3423-SAC

UNITED STATES OF AMERICA, et al.,

           Defendants.

ORDER

    This matter is before the court on a civil action removed to this court form the District Court of Leavenworth County, Kansas. The plaintiff, a federal prisoner, proceeds pro se. By an order filed on November 22, 2004, the Honorable G. T. VanBebber of this court substituted the United States for defendant Vern Lukehart (Doc. 7). This matter was transferred to the undersigned on June 3, 2005. The court has considered the record and enters the following findings and order.

**Background**

    Plaintiff filed this action in the District Court of Leavenworth County, Kansas, on October 4, 2004. He named as defendants, Deputy Vern Lukehart, U.S. Marshals Service; Bill

Graf, Warden, Corrections Corporation of America (CCA), Leavenworth; Carrol St. Clair, R.N., CCA; and Scott Bowlin, M.D., CCA.

Plaintiff alleges that he was injured on July 10, 1996, during his transfer to CCA due to the failure of Lukehart to act with due care and that he was denied adequate medical care following his arrival at CCA.

On November 19, 2004, defendant Lukehart filed a motion to dismiss for lack of jurisdiction (Doc. 6). Plaintiff did not respond to that motion, but, on June 15, 2005, he filed a motion to stay (Doc. 10), stating that he has been unable to serve defendants. The United States filed an objection to that motion (Doc. 11).

**Discussion**

This is the fourth lawsuit filed by the plaintiff arising from his alleged injury in July 1996 and the medical care provided at CCA.

The first action, <u>Singletary v. Lukehart</u>, Case No. 97-3102-GTV was filed on March 24, 1997, and was dismissed on April 28, 1998, based upon the court's finding that plaintiff had failed to show that he was subjected to deliberate indifference. The decision was affirmed on appeal. <u>Singleta-</u>

ry v. Lukehart, 153 F.3d 728, 1998 WL 450158 (10th Cir., 7/24/1998).

In May 1999, plaintiff filed a tort action in the District Court of Leavenworth County, Kansas, against the same defendants he names in the present action.  That action was removed to the federal court, and the United States was substituted for defendant Lukehart, the sole federal employee named in the complaint.  The federal court dismissed the claims against Graf, St. Clair, and Bowlin as untimely, and, following a trial to the court held on July 30, 2002, the court entered judgment dismissing the action against the United States for lack of jurisdiction.  That decision also was affirmed on appeal.  Singletary v. United States, Case No. 03-3123, 82 Fed. Appx. 621, 2003 WL 22792404 (10th Cir., 11/25/2003).

Plaintiff filed a third action on July 15, 2004, in the District Court of Leavenworth County.  That matter was dismissed  on August 2, 2004, due to plaintiff's failure to submit the filing fee or poverty affidavit and to respond to a notice of deficiency entered by the court.

The motion to dismiss presents several bases for the dismissal of this action, including collateral estoppel.

Because the court concludes that dismissal is appropriate on that basis, the court does not discuss the remaining grounds asserted by the United States.

The doctrine of collateral estoppel "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443 (1970).

The elements of collateral estoppel are: (1) the issue previously decided is the same as the one presented in the action in question; (2) the prior action was finally adjudicated on the merits; (3) the party against whom the doctrine is raised was a party, or in privity with a party, to the prior adjudication; (4) and the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the earlier action. Harrison v. Eddy Potash, Inc., 248 F.3d 1014, 1022 (10th Cir.), cert. denied, 534 U.S. 1019 (2001).

The record demonstrates that the Honorable G. T. VanBebber of this court granted a motion to dismiss filed by defendants Graf, St. Clair, and Bowlin in Singletary v. United States, Case 99-2270-MLB, and that the claim against the

4

United States was resolved after a trial to the Honorable Monti L. Belot and additional briefing by the parties. That matter involved the same facts, the same parties, and the same claims as the present action, and the earlier action was adjudicated on the merits. The court agrees that collateral estoppel bars this action and concludes this matter must be dismissed.

Finally, because the court determines this matter is barred by collateral estoppel, the plaintiff's motion to stay to allow additional time for service will be denied.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed and all relief is denied.

IT IS FURTHER ORDERED plaintiff's motion to stay (Doc. 10) is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED: This 18th day of August, 2005, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge